UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY VOEGELI,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.  C05-1303-RSM<br>               CR03-425<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a pro se motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct her 2003 federal court sentence. She has also moved to expand the record in this case. Respondent has filed a response opposing both of the motions. Following a careful review of the parties' papers and the available record, the Court recommends: (1) that petitioner's § 2255 motion be denied; and (2) that petitioner's motion to expand the record be denied.

## FACTS

On October 31, 2003, petitioner, a citizen of Canada, entered into a plea agreement in which she pleaded guilty to possession of more than fifty kilograms of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)C), and 18 U.S.C. § 2. Case No. CR03-425, Dkt. No. 44. Among other things, the plea agreement provided that "[petitioner]

REPORT AND RECOMMENDATION
PAGE -1

understands that at the sentencing hearing, the Government will not agree with the proposal that defendant be allowed to serve her sentence of imprisonment in Canada." Dkt. No. 44. The court accepted petitioner's guilty plea and on April 8, 2004, sentenced her to forty-six months of imprisonment, followed by three years of supervised release. Dkt. Nos. 49, 68, 69. Although the court recommended that petitioner be granted a "treaty transfer" to Canada, her transfer request has not been granted. Dkt. No. 69.

Petitioner did not directly appeal her conviction. Instead, while serving her sentence at the Federal Correctional Institution in Dublin, California, she requested a transfer to the Canadian prison system. On November 9, 2004, however, the United States Department of Justice denied her request, because "her testimony is needed in connection with an ongoing investigation[.]" Case No. C05-1303, Dkt. No. 8, Ex. 2. Her request for reconsideration was denied. Dkt. No. 1, Ex. G.

On July 22, 2005, petitioner filed this § 2255 motion seeking to vacate, set aside, or correct her sentence. Dkt. No. 1.

## CLAIMS FOR RELIEF

In her motion, petitioner argues that she has received a "harsher" sentence due to the fact that she is Canadian. Dkt. No. 1. She argues that, because she is Canadian, she is ineligible for certain prison programs that she believes might hasten her rehabilitation and reduce her time served. *Id.* In addition, petitioner relies upon *United States v. Booker*, 125 S. Ct. 738 (2004), to argue that the Court should re-sentence her based on its consideration of these and other facts. *Id.* On August 15, 2005, petitioner filed a motion to expand the record. Dkt. No. 6. In its response, the government argues that both motions should be dismissed as untimely. Dkt. No. 7.

## DISCUSSION

A. <u>Petitioner's Motion Is Time-Barred</u>.

A one-year statute of limitations applies to motions brought pursuant to 28 U.S.C § 2255. According to paragraph six of that section, a one-year statute-of-limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final; [or]

. . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255 ¶ 6. Because petitioner's motion was filed more than a year after it became final, and because *Booker* does not apply retroactively to cases on collateral review, petitioner's motion is time-barred.

A conviction becomes final in the context of collateral review when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). In this case, petitioner's judgment and sentence were issued on April 8, 2004. Case No. CR03-425, Dkt. Nos. 68, 69. Her conviction therefore became final ten days later, on or about April 18, 2004. Fed. R. App. P. 4; *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (indicating that convictions become final ten days after issuance of judgment and sentence for petitioners who file no direct appeal). Petitioner therefore had one year from April 18, 2004, to file her § 2255 motion. Petitioner's motion, however, was not filed until July 22, 2005, more than three months after the one-year statute of limitations had expired. Petitioner's motion is therefore time-barred under 28 U.S.C. § 2255(1).

Petitioner argues that she was unable to file an appeal while her request for a treaty transfer was pending. Dkt. No. 1. "An offender shall not be transferred to or from the United States if a proceeding by way of appeal or collateral attack upon the conviction of sentence be

pending." 18 U.S.C. § 4100(c).  However, petitioner cites no authority for her contention that a voluntary forbearance of a right to appeal tolls the statute of limitations.  While § 2255 is subject to tolling, this Court is unaware of any authority that indicates such tolling is triggered by a petitioner's voluntary treaty transfer request.  *See, e.g., United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (holding that equitable tolling applies to § 2255 motions upon a finding of "extraordinary circumstances" beyond petitioner's control).

The Ninth Circuit recently held that *Booker* does not apply retroactively to cases on collateral review.  *United States v. Cruz,* No. 03-35873, ___ F.3d ___ (9th Cir. September 16, 2005) (per curiam).  Because *Booker* does not apply retroactively to cases on collateral review, petitioner's motion is time-barred under 28 U.S.C. § 2255(3).

        B.      <u>Even If Petitioner's Claim Is Not Time-Barred, It Would Fail On The Merits</u>.

Even if the petitioner's motion were not time-barred, it would fail on the merits.  Her argument relies upon *Booker* for the proposition that the Court now can consider "additional" factors relating to her status as a Canadian national to impose what she believes would be a more lenient sentence.  Dkt. No. 1.  However, as discussed above, *Booker* cannot be applied retroactively to cases on collateral review.

To the extent that petitioner's challenge of the government's decision to deny her request for a transfer to a Canadian prison does not rely on *Booker*, it too must fail.  The United States Attorney General has the sole discretion to determine whether such a transfer is appropriate.  18 U.S.C. § 4102; *Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991).  Indeed, on May 5, 2005, Judge Ricardo S. Martinez ruled that the Court lacks jurisdiction to issue an order requiring a transfer and denied petitioner's request to do so.  Case No. CR03-425, Dkt. No. 83.

REPORT AND RECOMMENDATION
PAGE -4

## CONCLUSION

For the reasons set forth above, petitioner's § 2255 motion should be denied. Additionally, petitioner's motion to expand the record should be denied because it is moot. A proposed order accompanies this Report and Recommendation.

DATED this 14th day of October, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5